IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LEROY THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2262-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Leroy Thompson seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed and remanded.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments. After his applications for disability insurance and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See* Administrative Record, Dkt. No. 15 ("Tr.") at 35. That hearing was held on September 23, 2013. *See id.* At the time of the hearing, Plaintiff was fifty-one years old. *See id.* at 42. He has a high school education and past work experience as a tire repairer, water truck driver, pipe layer, construction worker II, and front end loader operator. *See id.* at 42. Plaintiff has not engaged in substantial gainful activity since April 15, 2012. *See id.* at 37.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from cardiomyopathy, atrial, fibrillation, hypothyroidism, and hepatitis, the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id*. at 38. The ALJ further determined that Plaintiff was unable to perform any past relevant work but had the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) and can occasionally lift 20 pounds and frequently lift ten pounds. *See id*. at 39-42. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a conveyor belt tender, mail clerk, cleaner, or housekeeper – jobs that exist in significant numbers in the national economy. *See id*. at 43. Given his age, education, and residual functioning capacity, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id*.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the ALJ erred by rejecting the examining physician's opinion without a legally sufficient reason. *See* Dkt. No. 20.

The Court concludes that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues de novo. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (*citing* 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage

in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

> 1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.
>
> 4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has

an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.") (internal quotation marks omitted); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) - that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff makes a single claim that compels remand – the ALJ's failure to afford Dr. Victor Battles's opinion controlling weight, without the requisite explanation. *See* Dkt. No. 20 at 9.

Dr. Battles examined Plaintiff and opined that his dyspnea limits his "walking to intermediate distances." Tr. at 295. Dr. Battles further explained that Plaintiff's fatigability limited his continuous standing to intermediate periods of time. *See id.* Dr. Battles's examination report also noted that Plaintiff's cardiovascular contained "no murmurs, gallops, rubs or clicks. Carotid, brachial, radial, popliteal, dorsalis pedis and posterior tibial pulses full and symmetrical. No juglar venuous distension." *Id.* at 295.

The opinion of a treating physician, like Dr. Battles, who is familiar with the claimant's impairments, treatments, and responses, should be accorded great weight in determining disability. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* (internal quotations omitted).

The ALJ did not grant Dr. Battles's opinion controlling weight. The ALJ only granted Dr. Battles's opinion some weight and noted that it did "not provide clear durational time frames" and appeared "overly restrictive compared to Plaintiff's improved cardiovascular situation Dr. Battles described." Tr. 41. Although the ALJ acknowledged that Dr. Battles's opinion indicated that Plaintiff had walking and

standing limitations, the ALJ gave no weight to these opinions and, consequently, did not include any limitations for standing or walking in Plaintiff's residual functional capacity. *See id.* at 39.

While the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion," *Newton*, 209 F.3d at 455-56, Social Security regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors that an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R. § 404.1527(c). In *Newton*, the United States Court of Appeals for the Fifth Circuit concluded that "an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456.

The ALJ impermissibly failed to consider the Section 404.1527 factors before rejecting Dr. Battles' opinion. The Fifth Circuit has explained that an ALJ need not perform an analysis of the Section 404.1527(c) factors when declining to give

controlling weight to an examining physician's opinion that competes with opinions of other examining physicians. *See Qualls v. Astrue*, 339 F. App'x 461, 466-467 (5th Cir. 2009). But there are no competing opinions from examining physicians in this case. *See* Tr. at 41 (ALJ noting that state agency consultants "did not have the opportunity to examine [Plaintiff]").

Instead, the ALJ rejected Dr. Battles' opinion regarding Plaintiff's walking and standing limitations because it did "not provide clear durational time frames" and appeared "overly restrictive" when compared to the cardiovascular situation Dr. Battles described in the same report. *See id.* Yet, even if an examining physician's opinion on limitations needed a durational time frame, *but see* 20 C.F.R. § 404.1527(c), that explanation alone does not satisfy the mandate that the ALJ perform a proper analysis of the Section 404.1527(c) factors.

Further, Dr. Battles's opinion is not contradictory. The Commissioner argues that the ALJ could properly discredit Dr. Battles's opinion regarding Plaintiff's walking and standing limitations because it is inconsistent with his cardiovascular examination. *See* Dkt. No. 21 at 7-8. But Dr. Battles's cardiovascular report does not discuss Plaintiff's ability to walk or stand. *See* Tr. at 295. In fact, the ALJ did not cite any medical evidence that contradicted Dr. Battles's opinion that Plaintiff has limitations with walking and standing. *See Newton*, 209 F.3d at 455 ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council.").

Consequently, the ALJ must have impermissibly relied on her own lay opinion, derived from her interpretation of Dr. Battles's examination records to determine Plaintiff's ability to walk and stand. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir.2003) (explaining that ALJs "must be careful not to succumb to the temptation to play doctor" or make their own independent medical assessments); *see also Morales v. Apfel*, 225 F.3d 310, 317 (3rd Cir. 2000) ("The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.") (citations omitted).

The Commissioner also argues that the ALJ was not required to perform an analysis of the Section 404.1527 factors because she "neither totally rejected nor totally adopted Dr. Battles's opinion." Dkt. No. 21 at 6. Even though the ALJ gave some weight to Dr. Battles's opinion, she was required to perform a Section 404.1527(c) analysis because she did not grant his entire opinion controlling weight. *See Newton*, 209 F.3d at 456; *Lee v. Colvin*, No. 3:13-cv-4598-BN, 2014 WL 6085044, at *5 (N.D. Tex. Nov. 14, 2014) (holding that ALJ "committed legal error" when he gave the treating physician's opinion some weight but failed to consider the 404.1527 factors when explaining why the treating physician's opinion did not receive controlling weight.).

The ALJ committed prejudicial legal error here. The ALJ did not pose a hypothetical involving standing and walking limitations to the vocational expert. *See* Tr. at 20-21. Based on the ALJ's hypothetical, the vocational expert testified, and the ALJ eventually found, that Plaintiff was capable of working as a conveyor belt tender, mail clerk, cleaner, or housekeeper. *See id.* at 43. Yet a limitation on Plaintiff's ability to stand and walk would have been aligned with Dr. Battles's opinion and likely altered the ALJ's step five finding.

The Court therefore concludes that the ALJ's failure to grant Dr. Battles's opinion controlling weight without a legally sufficient explanation was prejudicial error and orders that this matter is reversed and remanded.

## Conclusion

The hearing decision is reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: April 18, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE